# IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Steven Ivankovich

**CASE NO.: 2023-026371-CA-01**

   Plaintiff

   V.

Jeanette Ivankovich
Schiller DuCanto & Fleck LLP

   Defendants

_____/

**THE STATE OF FLORIDA:**

To Each Sheriff of Said State:

   **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action on defendant:

   Schiller DuCanto & Fleck, LLP
   C/O REGISTERED AGENT MEIGHAN HARMON, ESQ.
   321 N CLARK STREET
   SUITE 1200
   CHICAGO, IL 60654

Said defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, to wit:

   ALLISON RUB-RODRIGUEZ, P.A.
   3301 Ponce de Leon Boulevard
   Suite 200
   Coral Gables, FL 33134
   Tel: (305) 461-5757

within 20 days after service of this summons on that defendant exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

11/20/2023

Dated on November _____, 2023.

JUAN FERNANDEZ-BARQUIN
Clerk of the Court and Comptroller



/36565

By: _____
        as Deputy Clerk

(SEAL)

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Steven Ivankovich</u>
Plaintiff

Case # _____
Judge   _____

vs.
<u>Jeanette Ivankovich, Schiller, Ducanto & Fleck, LLP</u>
Defendant

## II.   AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

## III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
 ☐ Business governance
 ☐ Business torts
 ☐ Environmental/Toxic tort
 ☐ Third party indemnification
 ☐ Construction defect
 ☐ Mass tort
 ☐ Negligent security
 ☐ Nursing home negligence
 ☐ Premises liability—commercial
 ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
 ☐ Commercial foreclosure
 ☐ Homestead residential foreclosure
 ☐ Non-homestead residential foreclosure
 ☐ Other real property actions

☐ Professional malpractice
 ☐ Malpractice—business
 ☐ Malpractice—medical
 ☐ Malpractice—other professional
☒ Other
 ☐ Antitrust/Trade regulation
 ☐ Business transactions
 ☒ Constitutional challenge—statute or ordinance
 ☐ Constitutional challenge—proposed amendment
 ☐ Corporate trusts
 ☐ Discrimination—employment or other
 ☐ Insurance claims
 ☐ Intellectual property
 ☐ Libel/Slander
 ☐ Shareholder derivative action
 ☐ Securities litigation
 ☐ Trade secrets
 ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☐ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  2

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Allison Rub        Fla. Bar # 105529
    Attorney or party           (Bar # if attorney)

Allison Rub          11/13/2023
(type or print name)        Date

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA**

Steven Ivankovich

    Plaintiff

    V.

Jeanette Ivankovich
Schiller DuCanto & Fleck LLP

    Defendants

_____/

**COMPLAINT FOR DECLARATORY RELIEF THAT LIMITED LIABILITY
COMPANY ASSETS ARE NOT ASSETS OF STEVEN IVANKOVICH; DECLARATION
OF RIGHTS OF  JEANETTE IVANKOVICH IF ANY OF MARITAL RIGHTS TO
MEMBERSHIP INTERESTS IN LIMITED LIABILITY ENTITIES; AND
DECLARATION OF  PLAINTIFFS'  OBLIGATION TO COMPLY WITH THE
CHARGING ORDER ENTERED BY THIS COURT ; PRELIMIARY AND
<u>PERMENANT INJUNCTION</u>**

NOW COMES,  Plaintiff,  Steven Ivankovich (hereinafter "Steven" or "Plaintiff" ) by

and through his undersigned attorney,  and sues Schiller DuCanto & Fleck LLC, (hereinafter

"Schiller") and  Jeanette Ivankovich (hereinafter "Jeanette") , on the following  supplemental

causes of action:

**Jurisdiction and Venue**

1. The LLCs who have an interest in the issues set forth in the complaint, and who may

    wish to intervene as parties are  P2 Portfolio Managing Member LLC, ("P2"),

    Ivankovich Family LLC  ("Ivankovich Family"),  Atlas Apartment Homes LLC

    ("Atlas"), Alliance HTFL LLC ("Alliance"),  Pilgrim Windtree Owner LLC

    ("Windtree"), Pilgrim Warwick Owner LLC ("Warwick"), Pilgrim Coulter Owner

1

LLC ("Coulter"), Premier Orlando Portfolio Two LLC ( "Premier"), and A&O

Family LLC  ("A&O"), collectively known as the ("LLCs")[1]

2. The LLCs are all limited liability companies organized under the laws of Delaware

and/or Florida.

3. The LLCs were all served with a charging order requiring them to not make any

distribution to Steven Ivankovich as a member or manager of any of the LLCs until

the debt that Steven owes to the judgment debtor Pami Grand Too, LLC, has been

satisfied.[2]

4. There are other creditors of Steven's holding judgments in excess of $7,000,000.00

which have served the LLCs with citations or charging orders. The citations issued

under Illinois law are alleged by those creditors to function as charging orders to the

LLCs from the date when the LLCs were served with the citations.

5. Steven Ivankovich  is both the judgment debtor and the Plaintiff in this case and is a

resident of Florida. He also is the Petitioner in a Dissolution of Marriage case, Case

No.: 2021-23848-FC-04, pending in Miami-Dade County. Jeanette Ivankovich is the

Respondent therein.

6. Defendant Schiller is a law firm located and doing business in Cook County, Illinois.

It represents Defendant Jeanette a dissolution of marriage case pending in Cook

County, Illinois. Schiller has filed the pleadings that if granted would require Steven

to violate this courts charging order referenced herein. Schiller is a creditor of Steven

and through his actions is seeking to circumvent this courts charging order.

---

[1] The Plaintiff will provide notice of the filing of the complaint to the "LLCs," and they will have the opportunity to intervene as Parties.

[2] Pami Grand Too, LLC v. Steven Ivankovich, Case No.: 2022-010735-CA-01

7. Schiller, through the lawyers in its firm, have issued summons in Miami Dade County, Florida. They have issued deposition subpoenas and document requests to Florida residents and Florida corporate entities. They have transmitted documents to Florida and have made untrue material statements to companies associated with the Plaintiffs, with whom Plaintiffs conduct a regular course of business in Florida. Schiller is as a creditor of Steven and as a creditor of Steven, is seeking to enforce its judgment against Steven in Miami Dade County, Florida. Schiller has engaged in a continuous substantial not isolated activity in Maimi Dade County and pursuant to Fl. Stat. § 48.193 (2),  (9) (2)

8. The Defendant,  Jeanette Ivankovich  was a resident of Miami Dade County , Florida for more than six months prior to the dissolution of marriage action's commencement date. Jeanette is currently the Respondent in the Dissolution of Marriage case pending in Miami Dade County, Florida. Jeanette is engaged in substantial  not isolated activity in Florida.

9. This court has jurisdiction to enforce its own orders (the Charging Orders).

**Facts Common To All Counts**

10. Steven Ivankovich and the defendant Jeanette Ivankovich are respectively Respondent and Petitioner in a Dissolution of Marriage proceeding pending in the Circuit Court for Cook County Illinois domestic division Case number 2021 D 009220, hereinafter referred to as the "domestic case".

11. In the domestic case Jeanette was and is represented by the defendant Schiller.

12. In the domestic case an order was entered requiring Steven, the charging order judgment debtor, to pay Schiller $425,000.00 to pay Jeanette's attorney's fees and to

3

retain a forensic accountant. A copy of the order is attached hereto as Exhibit A. The Illinois court also found judgment debtor Steven in indirect contempt and issued a body attachment order, attached hereto as Exhibit "B". The body attachment order set a cash bond that Steven ,once arrested, was required to post in the amount of $425,000.00. The order does not even allow Steven or a third party to post a bond to secure his release. The reason for this draconian provision of the order is to force Steven to violate his fiduciary duty to the LLCs and take their funds and pay Schiller.

13. Schiller, as a creditor of Steven, is attempting to require Steven to use LLC assets to pay Schiller the debt that Steven was ordered to pay Schiller.

14. Schiller is using its threat to have Steven arrested and held in custody by the Sherriffs office of Miami Dade, County, and then be extradited to Illinois unless Steven, as manager of the LLCs uses LLC funds to pay Schiller $425,000.00.

15. Jeanette, in the domestic case, is seeking to have the LLCs transfer any membership interest that Steven may have in the LLCs subject to the charging order entered by this court,  free and clear of the claim of Pami Grand Too LLC,  the judgment creditor who obtained the charging order. [3]

16. In the domestic case Jeanette, through Schiller, has alleged that the LLC's assets are marital property, and that as marital property Jeanette owns at least 50% of whatever membership interests Steve owns in the LLCs.

17. Jeanette is attempting to obtain any such marital property membership interests,  free and clear of the LLCs obligations under the charging order.

---

[3] Pami Grand Too, LLC, the creditor who secured the charging order, will be notified of the filing of the complaint, and have the opportunity to intervene as a party.

18. Jeanette is attempting to secure any such marital property right in the LLCs free and clear of the citation judgment creditor claims.

19. Jeanette is attempting to secure any such marital property notwithstanding the limitations on such transfers contained in each of the LLCs operating agreements and limitations pursuant to applicable Delaware law.

20. Steven and the LLCs allege that any marital interest(s) that are determined in the Illinois divorce court that Jeanette may have in the LLCs, is subject to the operating agreements of the LLCs and Delaware law, and such interest if any is subordinate to the rights of Steven's creditors, and the rights of the other members of the LLCs.

21. The divorce court in Illinois has entered an order that it lacked jurisdiction over the LLCs.

22. The only court that could exercise jurisdiction to determine the rights of Steven, the LLCs Jeanette and Schiller (who is a creditor of Steven) is this court.

23. On July 29, 2022, the Circuit Court for Miami Dade County, Florida entered a charging order on Creditor Pami Grand Too, LLC's motion as judgment creditor of Steven, to a group of limited liability companies specifically, P2 Portfolio Managing Member LLC, ("P2 ") A&O Family LLC ("A&O") and Consilient Holdings LLC ( "Consilient"), attached hereto as Exhibit "C". The charging order imposed a lien on any membership interest of Steven. The Charging order directed the LLCs not to make any disbursement to Steven. Specifically,

> "The Companies are directed to pay to the Judgment Creditor all distributions to which the Judgment Debtor would have otherwise been entitled by virtue of his limited liability company interests until all amounts due under the Judgment against the Judgment Debtor and in favor of the Judgment Creditor have been satisfied."

24. The LLCs named in the charging order now face a real judiciable issue. This Court's order imposes a lien on any interest of Steven and ordered him and the LLCs not to make any distribution to the judgment debtor Steven.

25. Jeanette and Schiller (to collect its fees) are seeking, in the Illinois divorce case, an emergency injunctive order requiring Steven to violate the charging orders and use LLC funds to pay Steven's obligations to them. The entry of such an order will require Steven to violate the fiduciary duty he owes to the LLCs. Compliance with such an order by the LLCs would violate the charging order instructing the LLCs not to disburse any such funds until the Pami Grand Too judgment is satisfied.

26. Through the instant complaint, Steven seeks a declaratory judgment on his obligations under the charging order and the priority of the claims of Jeanette and Schiller to be paid from the LLCs any disbursements that otherwise would be paid to Steven, and to Palmi Grand Too LLC as a priority judgment creditor.

27. Through the instant complaint Steven requests a declaration of his individual obligations under the charging orders. Specifically, to avoid arrest by the Miami Dade County Sherriff at his home located in Key Biscayne, Florida and then extradited to Chicago Illinois is Steven authorized to violate the Circuit Court's charging order?

28. If Steven, in order to prevent his arrest, withdraws LLC funds in violation of his fiduciary duties under the operating agreement and Delaware law, will the actions be permitted, or would he face legal jeopardy for violation of those obligations?

29. Through this complaint Steven requests that the court issue an order declaring his obligations to the LLCs.

30. Through this complaint Steven requests a declaration of his, the LLCs, Schiller and Jeanette's and Pami Grand Too, LLC's priorities in the receipt of any disbursements to Steven from the LLCs.

31. Through this complaint Steven requests that this court declare if any membership interest that Steven has in any of the LLCs is marital property. If the court declares that Steven has a membership interest in any of the LLCs, and that said membership interests are marital property, that the court enter an order declaring Jeanettes rights and obligations to the LLCs, and the LLCs obligations to make distributions to Jeanette.

## Count 1

### DECLARATORY JUDGMENT [ All DEFENDENTS]

32. The Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1-30.

33. This action for declaratory judgment judgement is brought as authorized by Florida Civil Practice Code "Declaratory Judgments" Article 86.

34. The circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed.

35. The LLC are ordered by this court not to use their assets to pay or disburse funds to Steven Ivankovich.

36. Jeanette and Schiller have also alleged in the domestic case that whatever interest that Steven has in the membership interests of the Plaintiffs are marital property, and as

marital property Jeanette's marital property interest in the membership interests is superior to the judgment of Pami Grand Too LLC and other Steven creditors.

37. There is a bona fide dispute between the parties; Steven has a justiciable question as to his obligations to the LLC's under the terms of the Charging Order. Specifically: A) does Jeanette or Pami Grand Too LLC have a priority claim to any distribution that the LLCs make to Steven Ivankovich; B) does Jeanette have a marital interest in any Steven Ivankovich membership interests in the Plaintiffs; and C) if Jeanette does have a marital interest in Stevens membership interests, what are the priorities of LLC distributions to Jeanette, Pami Grand Too LLC, and Steven's other judgment and citation creditors?; D ) Is any membership interest that Steven has or previously owned in the LLCs marital property?; E) if it is determined that Steven has a membership interest that is marital property, what are Jeanettes rights in the LLCs if any; F) if it is determined that Jeanette has a marital property right to any Steven membership interest what are the LLCs legal obligations to Jeanette?; G) what is the priority of Steven's obligation to Schiller, Pami Grand Too LLC, and the citation LLC creditors?

38. It is necessary and proper for this Court to determine the rights and obligations of the LLCs in complying with the charging order.

39. It is also necessary and proper for this court to determine, if Jeanette has a marital interest in any membership interest that Steven owns in any of the Plaintiff LLC's; and if he does what are the LLCs obligations to pay distributions to Palmi Grand Too LLC or Jeanette.

Wherefore, the Plaintiff Steven Ivankovich request the following relief:

8

1. That a declaratory judgment be entered declaring:

    A) does Jeanette or Palmi Grand Too LLC have a priority claim to any distribution that the LLCs make to Steven Ivankovich; B) does Jeanette have a marital interest in any Steven Ivankovich's membership interests in the Plaintiffs; and C) if Jeanette does have a marital interest in Stevens membership interests, what are the priorities of LLC distributions to Jeanette and Pami Grand Too LLC? ; D ) Is any membership interest that Steven has or previously owned in the LLCs marital property?; E) if it is determined that Steven has a membership interest that is marital property, what are Jeanettes rights in the LLCs if any; F) is it is determined that Jeanette has a marital property right to any Steven membership interest what are the LLCs legal obligations to Jeanette?; G) what is the priority of Steven's obligation to Schiller, Pami Grand Too LLC, the citation LLC creditors?

2. Such other and further relief as the nature of this matter may require granting complete relief.

## Count 2
## Body Attachment Order For An Unsecured Debt

**Preliminary and Permanent Injunction (Against Defendants Schiller & Jeanette, and law enforcement)**

40. The Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1-30.

41. The Plaintiff, pursuant to FRCP 1.610 (a) requests that a temporary, preliminary, and permanent injunction.

42. The enforcement of the Illinois body attachment order in Florida by a Florida court is unconstitutional.

43. The Illinois body attachment order does not arise from a support order. The order was entered requiring Steven to pay Jeanette's counsel fees in the amount of $425,000.00 (inclusive of accounting fees not yet accrued). The obligation is simply an unsecured debt.

44. Florida Constitution Article I § 11 abolishes debtors prisons. *"There shall be no imprisonment for debt."*

45. The order by the Illinois court that orders a national body attachment of Steven, is not enforceable in Florida and not enforceable by Florida law enforcement.[4]

46. The order of the Illinois Court if enforced by law enforcement in Florida requires Steven in order to "purge" the body attachment to pay $425,000 to be released from prison.

47. Incredulously, the Illinois court that entered the body attachment order, has also opined that Steven does not have any available funds to pay the ordered counsel fees!

48. If the body attachment is enforced by Florida law enforcement Steven will remain in a Florida correction facility indefinitely.

49. Steven does not have an adequate remedy at law. Steven's only remedy from being illegally incarcerated is an injunction that enjoins Florida law enforcement from arresting Steven, and Schiller and Jeanette from enforcing the body attachment.

---

[4] The enforcement of the order which orders the incarceration of Steven, for not paying an unsecured legal fee, also violates the constitution of the United States.

50. Steven will suffer irreparable injury if no injunction is entered. He can be arrested at any time in Florida or for that matter anyplace in the United States. He will remain incarcerated indefinitely because as the Illinois court has opined Steven has no funds to pay the $425,000 the order requires to be paid "in cash" before he is released from prison.

51. Steven has a substantial likelihood of prevailing on the merits. Florida's constitution, and Florida case law are explicit that individuals shall not be imprisoned for failure to pay a debt. The body attachment order directs law enforcement to arrest Steven and keep him in jail until he pays Schiller $425,000.00 (a debt).

52. The Florida constitution and Florida case law clearly enunciate Florida public policy as being opposed to putting one in jail for failure to pay a lawyers fee. It is also in the best interest of public policy that orders entered in other states such as the Illinois order not be allowed to circumvent or " end around" Florida law. Public policy is in favor of preventing the use of Florida law enforcement to arrest a person for not paying a debt.

**WHEREFORE**, the Plaintiff on Count II of the Complaint request the following relief:

1) The entry of a Preliminary Temporary Injunction against Jeanette, Schiller and Florida Law Enforcement including the Sherriff of Miami Dade County, Florida from enforcing the Illinois body attachment order (Exhibit B).

2) The entry of a Permanent Injunction against Jeanette, Schiller and Florida Law Enforcement including the Sherriff of Miami Dade County, Florida from enforcing the Illinois body attachment order.

3) That the Injunction be binding upon third parties, including law enforcement

11

throughout the United States including posting the injunction in the LEADS system and including person (s) who receive notice of or who have notice of the Injunction.

4) For such other and further relief as this cause may require.

Dated: November 13, 2023

Respectfully Submitted,

ALLISON RUB-RODRIGUEZ, P.A.
**Attorney for Plaintiff**
3301 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33134
Tel: (305) 461-5757
Email:Allison@repinespa.com

By: /s/ Allison Rub-Rodriguez
Allison Rub-Rodriguez, Esq.
Fla. Bar 105529

12

# **EXHIBIT A**

4210 - Held In Contempt Of Court - Allowed
4437 - Law Enforcement Agency to Comply - Allowed
4676 - Party to Purge - Allowed
4309 - Bond Set At - Allowed
9203 - Stay Of Execution
4436 - Clerk's Office to Comply - Allowed                    (Rev. 12/01/20) CCDR 0032 A

---

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

**ENTERED**
Judge Patrick Powers-2179
SEP 05 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

IN RE:  THE MARRIAGE/CIVIL UNION OF

JEANETTE IVANKOVICH,

PETITIONER                      NO: 2021 D 9220

AND

STEVEN IVANKOVICH,

RESPONDENT                      CALENDAR: _____

### ORDER OF ADJUDICATION OF INDIRECT CIVIL CONTEMPT AND / OR ORDER OF COMMITMENT

This cause being heard this date pursuant to a rule to show cause directed to

Respondent, Steven Ivankovich, _____ (hereinafter "contemnor") to show cause, if any s/he has,
                (name)

why s/he should not be found in indirect civil contempt and sanctioned forthwith, for failure to comply with the Court's
order entered on May 18, 2023 _____, directing contemnor to pay Schiller DuCanto and Fleck
$400,000 for attorneys' fees and costs and $25,000 for expert fees as an interim fee award within 45 days.

---

And the Petitioner/~~Respondent~~ appearing:
☑ in person and  ☑ with counsel, and the contemnor likewise appearing  ☐ in person and  ☑ with counsel;

And the Court, having heard the testimony of the parties and witnesses, together with all pleadings, exhibits, and
arguments of counsel, and being fully advised in the premises, hereby finds that:

1.  The Court has jurisdiction of the parties and subject matter;

2.  On the 18    day of May    , 2023    this Court entered an order directing the
    contemnor to  pay Schiller DuCanto and Fleck $400,000 for attorneys' fees and costs and $25,000 for expert fees as an interim fee award
    within 45 days.

3.  As of the 30    day of August    , 2023    , contemnor has failed to: pay
    Schiller DuCanto and Fleck $400,000 for attorneys' fees and costs and $25,000 for expert fees as an interim fee award.

**(OVER)**

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

(Rev. 12/01/20) CCDR 0032 B

4.  The contemnor has not given any legally sufficient reasons for failure to comply with said order, even though s/he had, and still has, the means to comply with said order, and that contemnor's failure to comply with said order is willful and contumacious;

5.  The conduct of the contemnor has defeated and impaired the rights and interests of the Petitioner/~~Respondent~~ and has further impeded and obstructed the Court in its administration of justice; and

   **IT IS THEREFORE ORDERED AND ADJUDGED** that the contemnor:

4210   ☑  Is hereby found and declared to be in indirect civil contempt of Court for willful failure to obey the Court's order as herein stated;

4437   ☑  Is ordered committed to the Cook County Jail, there to remain until s/he shall have purged him/herself of contempt by:

   posting an all cash bond of $425,000 with the Clerk of the Circuit Court of Cook County.

9203   ☐  Commitment is stayed until _____, _____ s/he purges the contempt by
4676
   posting $ _____ with the Clerk of the Circuit Court.

4436   ☑  The Clerk of the Court is directed to prepare a certified copy of this Order and submit same to the Sheriff of Cook County.

   ☑  This order shall be entered into the LEADS system.  Respondent's request for stay of commitment is denied.

ENTERED
Judge Patrick Powers-2179
SEP 05 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Atty. No.: 26828
Name: Schiller DuCanto & Fleck LLP
Atty. for: Petitioner
Address: 321 N. Clark Street, Suite 1200
City/State/Zip: Chicago, IL 60654
Telephone: 312-641-5560

Entered: September 5, 2023

Judge                          Judge's No.

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# <u>EXHIBIT B</u>

Atty No. 26828

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: MARRIAGE OF                    )
                                      )
JEANETTE IVANKOVICH,                  )
            Petitioner,               )
                                      )
        and                           )    No. 2021 D 9220
                                      )    Cal. E
STEVEN IVANKOVICH,                    )
            Respondent.               )

ENTERED
Judge Patrick Powers-2179
SEP 06 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## BODY ATTACHMENT ORDER

**THIS MATTER** coming before the court on the issue of enforcement of the court's interim fee award order dated May 18, 2023.

**THE COURT HEREBY FINDS:**

A.      The Respondent, STEVEN IVANKOVICH, has failed to appear in court for hearing pursuant to a court order entered on July 14, 2023.

**WHEREFORE, THE COURT ORDERS:**

1.      The Sheriff of Cook County, the Sheriff of any County in Illinois, or any other duly deputized law enforcement agent, to seize and apprehend STEVEN IVANKOVICH, Respondent, for incarceration in the Cook County Jail:

Name: <u>STEVEN IVANKOVICH</u>  Date of Birth: ███████   Soc. Sec # █
████

FLORIDA DL # ██████████

Gender: <u>MALE</u>, Height: <u>6'03"</u>, Weight: <u>215 lbs</u>, Race: <u>White</u>

Distinguishing Marks or Features: <u>Bald.</u>

Last Known Homes Addresses in Illinois: 1) <u>401 North Wabash Ave., Unit 55A</u>
                                            <u>Chicago, Illinois 60611.</u>

                                        2) <u>1150 Michigan Avenue,</u>
                                            <u>Wilmette, Illinois 60091.</u>

1

Last Known Home Addresses in Florida:   <u>791 Crandon Blvd, PH 6</u>
<u>Key Biscayne, Florida 33149.</u>

2.     If the Respondent, STEVEN IVANKOVICH, is taken into custody, the Sheriff/law enforcement agent shall immediately notify this Court and may release the Respondent only after he posts **the entire $425,000 bond in cash** (not 10%) and deposits same in escrow with the Sheriff or the Court pursuant to 750 ILCS 5/713(a).

3.     If the Respondent is released pursuant to paragraph 2 above, the Sheriff shall then advise the Respondent that hearing on _____ is continued to 21 to 30 days from the date of release and the Respondent is required to appear at 9:30 a.m. at the Richard J. Daley Center, 50 West Washington Street, Chicago, Illinois 60602, Room <u>1603</u>.

Failure of STEVEN IVANKOVICH, Respondent, to appear after turning posting escrow shall result in another body attachment.

The conditions set forth below apply to this Order:

I informed the Respondent that his court date is _____, 2023, at the time and location set forth in paragraph 3, and informed his attendance is mandatory.  A copy of this Order was given to Respondent's counsel.

Date: _____     Sheriff: _____

Respondent: _____

2

**CONDITIONS OF BODY ATTACHMENT ORDER:**

1.     A copy of this order is given by the Sheriff to Respondent.

2.     THE CONTINUANCE DATE GIVEN BY THE SHERIFF/LAW ENFORCEMENT AGENT TO THE RESPONDENT SHALL NOT BE LESS THAN 21 DAYS NOR MORE THAN 30 DAYS FROM THE DATE OF RELEASE, AND IF SUCH DATE FALLS ON A COURT HOLIDAY, THE HEARING WILL BE HELD ON THE NEXT REGULAR DAY THE COURT IS IN SESSION.

3.     The order is directed to any Sheriff of any County in Illinois or any duly deputized law enforcement agent.

4.     The Clerk shall notify Respondent, public officer or legal counsel whose name appears on this Order of the court date at which the Respondent is required to appear.

5.     This Order shall be entered into the LEADS system.

ENTER:

_____
JUDGE

ENTERED
Judge Patrick Powers-2179

SEP 06 2023

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

SCHILLER DU CANTO & FLECK LLP
Attorney No. 26828
Attorneys for Petitioner,
321 North Clark Street, Suite 1200
Chicago, Illinois 60654
Telephone No. (312) 609-5551
chicagoservice@sdflaw.com

RETURN ORDER TO:     Chicagoservice@sdflaw.com
ttfield@beermannlaw.com
mdelster@beermannlaw.com
marcellus@childadvocatelawgroup.com

3

# EXHIBIT C

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2022-010735-CA-01
SECTION: CA10
JUDGE: Peter R. Lopez

**Pami Grand Too LLC**

Plaintiff(s)

vs.

**Ivankoivch, Steven**

Defendant(s)

_____/

## ORDER ON JUDGMENT CREDITOR, PAMI GRAND TOO LLC'S EX-PARTE MOTION FOR CHARGING ORDER IN ITS FAVOR AGAINST PAYMENTS FOR PROFITS AND DISTRIBUTIONS TO JUDGMENT DEBTOR, STEVEN IVANKOVICH

THIS CAUSE having come before the Court on Judgment Creditor, PAMI GRAND TOO LLC's Ex-Parte Motion for Charging Order in its Favor Against Payments for Profits and Distributions to Judgment Debtor, Steven Ivankovich (the "Motion"), and the Court having reviewed the Court's file and the Motion, reviewed and considered the applicable law, and being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. PAMI GRAND TOO LLC's (the "Judgment Creditor") Motion is **GRANTED**.

2. The Court, pursuant to Fla. Stat. § 605.0503, hereby imposes a Charging Order in favor of the Judgment Creditor in the amount due under the Final Judgment on Guaranty domesticated in Florida and recorded in the Official Records of Miami-Dade County, Florida pursuant to Fla. Stat. §§ 55.503 and 55.505 at Book 33238/Page 712 (the "Judgment"), which currently exceeds $12.6 million USD, and against the interests of Judgment Debtor, Steven Ivankovich (the "Judgment Debtor"), in Overlook Managing Member, LLC, Ivankovich

Family LLC, P2 Portfolio Managing Member LLC, Tyler Atlas, LLC, Alliance HTTX LLC, Atlas Apartment Homes LLC, Atlas Apartment Holdings LLC, Atlas Birchwood LLC, Atlas Crowntree Lakes, LLC, Atlas Alexandria & Parc Vue, LLC, Premier Orlando Portfolio Two LLC, Atlas Multifamily Three, LLC, Atlas MF Mezzanine Borrower, LLC, and Atlas Apartments Acquisition LLC, including, but without limitation, his membership interests.

3. This Charging Order constitutes a lien against the transferable interests of the Judgment Debtor in and to Overlook Managing Member, LLC, Ivankovich Family LLC, P2 Portfolio Managing Member LLC, Tyler Atlas, LLC, Alliance HTTX LLC, Atlas Apartment Homes LLC, Atlas Apartment Holdings LLC, Atlas Birchwood LLC, Atlas Crowntree Lakes, LLC, Atlas Alexandria & Parc Vue, LLC, Premier Orlando Portfolio Two LLC, Atlas Multifamily Three, LLC, Atlas MF Mezzanine Borrower, LLC, and Atlas Apartments Acquisition LLC (collectively, the "Companies"), for payment of the unsatisfied amount of the Judgment, with interest.

4. The lien shall continue to encumber the property described until all amounts due under the Judgment have been satisfied or otherwise ordered by the Court.

5. The Companies are directed to pay to the Judgment Creditor all distributions to which the Judgment Debtor would have otherwise been entitled by virtue of his limited liability company interests until all amounts due under the Judgment against the Judgment Debtor and in favor of the Judgment Creditor have been satisfied.

6. Any such payments for distributions shall be made payable to PAMI Grand Too LLC, and sent to the attention of Judgment Creditor's counsel, Aaron A. Resnick, Law Offices of Aaron Resnick, P.A., 100 Biscayne Blvd., Suite 1607, Miami, Florida 33132.

7. The Judgment Debtor shall not attempt to transfer or encumber his membership interest in any of the Companies.

8. The Judgment Creditor shall personally serve a copy of this Order and the Motion on the

Companies, and such service will constitute notice of this lien on any interest of the Judgment Debtor as a member in the Companies.

9. The Court retains jurisdiction for the enforcement of this Order and the entry of further orders necessary to effectuate the purpose of this Order.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>29th day of July, 2022</u>.

<u>2022-010735-CA-01 07-29-2022 3:06 PM</u>
Hon. Peter R. Lopez

**CIRCUIT COURT JUDGE**
Electronically Signed

---

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

---

**Electronically Served:**
Aaron Resnick, efile@thefirmmiami.com
Aaron Resnick, aresnick@thefirmmiami.com
Aaron Resnick, nazarena@thefirmmiami.com

**Physically Served:**