**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| STEVEN IVANKOVICH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:23-cv-24894-FAM |
| ) | |
| JEANETTE IVANKOVICH and ) | |
| SCHILLER DuCANTO & FLECK LLP, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

Defendants, JEANETTE IVANKOVICH ("Jeanette") and SCHILLER DuCANTO & FLECK LLP ("SDF") (collectively, "Defendants"), by and through their undersigned counsel, hereby respond to Plaintiff's Corrected Motion for Remand and Attorney Fees and Costs Pursuant to 28 U.S.C. Section 1447(C) and Alternatively for the Court to Abstain and Remand to State Court [D.E. 12] ("Motion to Remand"). In support thereof, Defendants state as follows:

**INTRODUCTION**

Jeanette has been a citizen of Illinois for the past 22 years and has not stepped foot in the State of Florida since vacationing there in October 2021. Nevertheless, Plaintiff Steven Ivankovich ("Plaintiff") argues that Jeanette "was and may still be a citizen of the State of Florida," thereby destroying diversity and requiring the remand of this matter back to state court. Plaintiff's assertion has no factual basis and must be rejected.

Plaintiff also argues that this matter does not meet the "amount in controversy" requirement under 28 U.S.C. § 1332. A cursory review of Plaintiff's Complaint extinguishes this argument. To wit, Plaintiffs' two-count Complaint includes a request for an injunction enjoining enforcement

of a body attachment order which would otherwise require Plaintiff to pay $425,000 to avoid his arrest and incarceration. The benefit to Plaintiff if such relief is granted is, at minimum, $425,000.

Plaintiff lastly argues that even if the Court has jurisdiction of this matter, it should nevertheless abstain from hearing this case and remand the matter back to Florida state court. The doctrine upon which Plaintiff relies concerns abstention by a federal court where a claim is brought under the Federal Declaratory Judgment Act and there is pending, corollary state court litigation. Here, no claim has been made under the Federal Declaratory Judgment Act and there is no pending, corollary state court litigation aside from the ongoing divorce proceeding in Cook County, Illinois. Plaintiff's abstention argument therefore fails.

## FACTUAL BACKGROUND

*Jeanette Ivankovich's Citizenship*

Jeanette was born in 1970 in Detroit, Michigan, where she remained a citizen until turning 18 years old and moving to New York to pursue a modeling career. *See* Aff. of Jeanette Ivankovich, **Exhibit 1**, ¶ 3. From 1988 to 1992, Jeanette was a citizen of New York, though her modeling career had her traveling across the world on a consistent basis during that time. *Id*. In 1992, she became a citizen of Florida, which like New York, acted as her "home base" while she traveled persistently as a model. *Id*.

In 2002, Jeanette decided to stop pursuing a modeling career as her full-time employment and permanently moved to Chicago, Illinois, where she has remained a citizen for the past 22 years. *Id*. In 2005 Jeanette met Plaintiff in Chicago, and the couple married one year later in Chicago. *Id*. at ¶ 4. The marriage produced two minor children: a daughter born in 2007 and a son born in 2010. *Id*. at ¶ 5. Both children were born in Illinois, have been Illinois citizens their entire lives, and have been enrolled in Chicago schools their entire school lives. *Id*. at ¶¶ 5-6. Jeanette has

been and continues to be a stay-at-home mother and homemaker. *Id*. at ¶ 5. She has not been employed since 2006 when she became pregnant with her and Steven's first child. *Id*.

Jeanette does not own any real estate in Florida. *Id*. at ¶ 20. Instead, she and her husband own a home in Chicago, Illinois, which Steven owned in his name only until transferring title to himself and Jeanette in 2007. *Id*. at ¶ 8. Jeanette has lived in the Chicago home since 2005, except: (a) from April 2, 2020 through September 24, 2020 when the family temporarily stayed in Florida due to the COVID-19 pandemic causing the children's school to go remote; and (b) when Jeanette and Steven were remodeling their marital home in Chicago and the family resided temporarily in various properties in Chicago. *Id*. at ¶¶ 8-12, 18. Jeanette has not been to Florida a single time since October 2021. *Id*. at ¶ 20.

Since permanently moving to Illinois in 2002, Jeanette has continuously maintained an Illinois driver's license and has never obtained a driver's license from any state besides Illinois. *Id*. at ¶ 13. Jeanette has an Illinois voter's registration card and has consistently voted in Illinois since permanently moving to Illinois in 2002. *Id*. at ¶ 14. Both Jeanette and her children have long been under the care of physicians who are located in Chicago. *Id*. at ¶¶ 15-16. Jeanette has been a member of a Chicago-based gym since 2014. *Id*. at ¶ 17.

*Pending Divorce Actions*

Jeanette filed for divorce against Plaintiff in the Circuit Court of Cook County, Illinois on October 22, 2021. *See* Illinois Divorce Petition. **Exhibit 2**. Three weeks later, on November 12, 2021, Plaintiff filed a divorce petition of his own in the Circuit Court for Miami-Dade County, Florida. *See* Florida Divorce Petition, **Exhibit 3**. On January 24, 2024, the trial courts in both the Illinois and Florida divorce proceedings held a joint hearing pursuant to the Uniform Child-Custody Jurisdiction and Enforcement Act to determine which court had jurisdiction over the

parties' minor children. Both judges determined that Illinois had jurisdiction. As Judge Christina Diraimondo of the Florida circuit court stated, "I don't think there's any question in my mind that Illinois is the home state for the children and that you [*i.e.*, Judge Patrick Powers of the Illinois circuit court] have personal and subject matter jurisdiction over this family." *See* 1/24/2024 Hearing Transcript, **Exhibit 4**, p 27. Accordingly, the parties are currently in the process of submitting an order in the Florida divorce proceeding dismissing that case and transferring any pending matters to the Illinois divorce proceeding. *See id*. at p. 30 (Judge Diraimondo: "[The orders] should mirror each other so it gets transferred up to Illinois.").

## ARGUMENT

### I. THERE IS COMPLETE DIVERSITY AS JEANETTE IS A CITIZEN OF ILLINOIS

In cases removed to federal court based on diversity jurisdiction, removal is permissible only "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). In removed cases, diversity jurisdiction is determined at the time of removal. *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017).

"For diversity purposes, a person is a citizen of the state in which he is domiciled." *Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1214 (S.D. Ala. 2006) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick*, 293 F.3d at 1257-58 (citations omitted).

"Determination of a party's domicile requires a 'totality of the circumstances' approach weighing a constellation of objective facts, no single one of which is entitled to controlling weight." *Slate*, 444 F. Supp. 2d at 1215. "Among the numerous indicia considered are the state(s)

4

where civil and political rights are exercised, where taxes are paid, where real and personal property are located, where driver's and other licenses are obtained, where mail is received, where telephone numbers are maintained and listed, where bank accounts are maintained, where places of business or employment are located, and where memberships in local professional, civil, religious or social organizations are established." *Id*. "An individual's statements of intent are also considered in determining domicile." *Audi Performance & Racing v. Kasberger*, 273 F. Supp. 2d 1220, 1227 (M.D. Ala. 2003).

"Once a person establishes a domicile, it continues until the person establishes a *new* domicile." *Id*. at 1226 (emphasis original). "In this circuit, it is elementary that, to effect a change of one's legal domicile, two things are indispensable: First, *residence in the new locality;* and second, the *intention to remain there.*" *Id*. (emphasis original) (internal quotations removed).

Here, Plaintiff argues that "for at least three years through at least October 12, 2021," both Plaintiff and Jeannette "called Florida their primary residence." [D.E. 12, p. 4]. On this basis Plaintiff claims that Jeannette "may still be a citizen of the State of Florida." *Id*.

Plaintiff is wrong on both accounts. Jeanette's affidavit demonstrates unequivocally that she has been a citizen of Illinois for the past 22 years after permanently moving to Chicago in 2002. As explained in her affidavit, Jeanette: (a) met and married Plaintiff in Illinois; (b) has raised and continues to raise her two children, both of which have only attended Chicago schools, in Illinois; (c) owns real estate in Illinois, not Florida; (d) has her home in Illinois, where she receives her mail; (e) has continually maintained an Illinois drivers' license in Illinois since moving to Illinois in 2002; (f) holds an Illinois voter's registration card and has consistently voted in Illinois since moving to Illinois in 2002; (g) along with her children, has a long-term physician based in Illinois; and (h) has been a member of a Chicago-based gym since, at least, 2014. *See generally*

Ex. 1, Jeanette Aff.

Under these facts, it is simply implausible to conclude that Jeanette is a citizen of any state besides Illinois. The fact that Jeanette is a stay-at-home mother to two children who have lived in Illinois and have gone to school in Illinois their entire lives in and of itself should be dispositive of the issue. *See, e.g., Carter Douglas Co., LLC v. Logan Indus. Dev. Auth., Inc*., No. 1:14-CV-00063-GNS-HBB, 2015 U.S. Dist. LEXIS 97939, at *9 (W.D. Ky. July 27, 2015) ("The Court considers the fact that the Cateses's children are enrolled in school in Oklahoma, and were at the time of the filing of this action, to be dispositive of their intent to make Oklahoma home."). Indeed, the trial courts in the two pending divorce proceedings in Illinois and Florida have both ruled that Illinois is the home state of the couple's children. *See* Ex. 4, 1/24/2024 Hearing Transcript, pp. 27-30.

Any remaining doubt as to Jeanette's citizenship is eliminated by the fact that Jeanette has not stepped foot in the State of Florida since October 2021, more than two years prior to Defendants' Notice of Removal in December 2023. *See* Ex. 1, Jeanette Aff., ¶ 20.

## II. THE VALUE OF PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF EXCEEDS THE JURISDICTIONAL AMOUNT REQUIRED UNDER 28 U.S.C. § 1332

"For amount in controversy purposes, the value of injunctive or declaratory relief is the 'value of the object of the litigation' measured from the plaintiff's perspective." *Morrison v. Allstate Indem. Co*., 228 F.3d 1255, 1268 (11th Cir. 2000) (quoting *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc*., 120 F.3d 216, 218-20 (11th Cir. 1997)). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Cohen v. Office Depot,*

*Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). Here, the value to Plaintiff of the injunctive relief sought in the Complaint is, at minimum, $425,000.00.

To wit, in the underlying divorce proceeding between Plaintiff and Jeanette, the divorce court entered an order requiring Plaintiff to pay Jeanette's attorneys, Defendant SDF, $425,000 in legal and expert fees. [D.E. 1-1, ¶ 12]. After Plaintiff failed to comply with the order, the divorce court found Plaintiff in indirect civil contempt and issued a body attachment order for Plaintiff's arrest and incarceration until he paid the $425,000 award. [*Id.*]. Count II of the Complaint seeks an injunction enjoining enforcement of the body attachment order in the State of Florida, where Plaintiff resides, on the ground that it violates the constitution of Florida. [D.E. 1-1, ¶ 52]. In other words, Plaintiff's requested injunctive relief would enjoin enforcement of an order that would otherwise require him to pay the $425,000 fee award or else risk being arrested and incarcerated. It is unclear how the value of the requested injunctive relief to Plaintiff could possibly fall below the $75,000 requirement.

Indeed, Plaintiff's Motion to Remand does not make any argument to the contrary. Instead, Plaintiff simply argues that his request for injunctive relief is well-grounded and should be granted. [D.E. 12 at 8]. But this Court's analysis of whether the jurisdictional amount has been satisfied presumes that Plaintiff's requested injunctive relief would be granted and then asks whether the value of such relief to Plaintiff exceeds $75,000. *Cohen*, 204 F.3d at 1077. Plaintiff simply repeating that he is entitled to the injunctive relief he seeks does nothing to further the jurisdictional amount analysis.

### III. ABSTENTION IS INAPPROPRIATE SINCE THERE IS NO PENDING STATE COURT LITIGATION BESIDES THE ONGOING DIVORCE PROCEEDING

As a last resort for remand, Plaintiff argues that even if diversity jurisdiction exists, the Court should nevertheless decline to exercise jurisdiction and remand the matter back to Florida

7

state court pursuant to Supreme Court precedent in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277, 279 (1995). [D.E. 12 at 8-10]. This argument fails for two obvious reasons.

First, the abstention doctrine laid out in *Brillhart* and *Wilton* concerns a district court's discretion to hear a claim brought under the Federal Declaratory Judgment Act. *Wilton*, 515 U.S. at 279 (stating that the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant."). Plaintiff concedes, however, that he has not brought a claim under the Federal Declaratory Judgment Act, noting that Count I of the Complaint seeks declaratory relief under the "Florida declaration statute, not the Federal Declaratory Judgment Act." [D.E. 12 at 8]. And even if one were to construe Count I as falling under the Federal Declaratory Judgment Act, Count II of the Complaint seeking injunctive relief certainly does not, rendering *Brillhart* and *Wilton* inapplicable.

Second, even if one ignores the absence of any Federal Declaratory Judgment Act claim, abstention under *Brillhart* and *Wilton* is still inapplicable due to the lack of any pending, corollary state court litigation. Abstention under *Brillhart* and *Wilton* is appropriate "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. Aside from the pending divorce case in Illinois (which Plaintiff is not asserting as a basis for this Court to decline exercising jurisdiction in this matter),

8

there is no other pending litigation between the parties concerning the issues raised in the Complaint.[1]

To get around this glaring defect, Plaintiff asserts that "the Eleventh Circuit has suggested that *Ameritas* applies even when a pending state proceeding is not parallel to the federal proceeding." [D.E. 12 at 10]. Plaintiff cites as support the following language from *First Mercury Ins. Co. v. Excellent Computing Distribs.*, 648 F. App'x 861, 866 (11th Cir. 2016): "[N]othing in the Declaratory Judgment Act suggests that a district court's discretionary authority exists only when a pending state proceeding shares substantially the same parties and issues." [D.E. 12 at 10]. A cursory reading of *First Mercury* shows that the 11th Circuit merely held that abstention may be appropriate when pending state court litigation involves *some* but not *substantially* the same parties and issues, not that abstention may be appropriate where there is no pending state court proceeding at all. The court explained that in its prior holding in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005), "we provided the following non-exhaustive list of factors for district courts to consider when deciding whether to exercise jurisdiction over a declaratory judgement action ***where an underlying state court action involves <u>some</u> of the same issues and parties***[.]") (emphasis added). Plaintiff's attempt to extend the doctrine of abstention under *Brillhart* and *Wilton* beyond its logical limit and transform it into a basis for remand fails.

---

[1] To be clear, Defendants do take the position that there is pending and substantially similar litigation: the ongoing divorce proceeding in Cook County, Illinois. On that basis, Defendants have moved to dismiss Count I of the Complaint pursuant to abstention principles explained in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). [D.E. 9 at 4-9]. Plaintiff does not argue that the Court should abstain in light of the Cook County proceeding. Rather, Plaintiff argues that the Court should abstain and remand the matter back to Florida state court.

WHEREFORE, Defendants, JEANETTE IVANKOVICH and SCHILLER DuCANTO & FLECK LLP, respectfully request that the Court deny Plaintiff's Motion to Remand and grant any other relief the Court deems just.

Respectfully submitted,

/s/ Alexandra L. Tifford
Alexandra L. Tifford
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

and

/s/ Joseph R. Marconi
Joseph R. Marconi
Admitted *pro hac vice*
Email: marconi@jbltd.com
Johnson & Bell
33 West Monroe Street, Ste. 2700
Chicago, IL 60603-5404

/s/Ramses Jalalpour
Ramses Jalalpour
Admitted *pro hac vice*
Email: jalalpourr@jbltd.com
Johnson & Bell
33 West Monroe Street, Ste. 2700
Chicago, IL 60603-5404

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Alexandra L. Tifford
Alexandra L. Tifford

## SERVICE LIST

CASE NO. 23-cv-24894-FAM

Allison Rub-Rodriguez
Email: allison@repinespa.com
Allison Rub-Rodriguez, P.A.
3301 Ponce de Leon Blvd., Suite 200
Coral Gables, FL 33134
*Counsel for Plaintiff*

Jason Wandner
Email: jason@wandnerlaw.com
Law Offices of Jason M. Wandner, P.A.
100 N. Biscayne Blvd., Ste. 1607
Miami, FL 33132
*Counsel for Plaintiff*