IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| STEVEN IVANKOVICH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:23-cv-24894-FAM |
| ) | |
| JEANETTE IVANKOVICH and ) | |
| SCHILLER DuCANTO & FLECK LLP, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' CORRECTED REPLY
IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Defendants, JEANETTE IVANKOVICH ("Jeanette") and SCHILLER DuCANTO & FLECK LLP ("SDF") (collectively, "Defendants"), by and through their undersigned counsel, hereby submit this corrected reply in support of their motion pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for entry of an order dismissing the Complaint of Plaintiff, STEVEN IVANKOVICH ("Steven"), with prejudice. In support thereof, Defendants state as follows:

**ARGUMENT**

**I.   PLAINTIFF IGNORES DEFENDANTS' MOTION TO DISMISS COUNT I PURSUANT TO RULE 12(b)(1) AND IMPROPERLY SCRUTINIZES IT UNDER A MOTION TO TRANSFER STANDARD**

In their Motion to Dismiss, Defendants quite explicitly argued for *dismissal* of Count I under Rule 12(b)(1) pursuant to the *Colorado River* doctrine and/or the domestics relations exception to jurisdiction. Both doctrines observe their own analytical framework, which Defendants applied in detail to the facts of this case to show that dismissal was appropriate under either doctrine. In response, Plaintiff bizarrely ignores Defendants' *Colorado River* and domestic relations exception arguments. Plaintiff instead analyzes Defendants' Motion to Dismiss Count I under 28 U.S.C. § 1404(a), claiming that Defendants' Rule 12(b)(1) argument "is substantively

for this court to 'transfer' this case to Illinois." [D.E. 21 at 5].

Defendants have not and do not make a request under § 1404(a), which allows a district court to transfer a civil action to another district court or another division within the same district court. Defendants are not making a request that this Court transfer this case to a district court in Illinois or any other state. Rather, Defendants maintain that this case must be dismissed under Rule 12(b)(1) in light of the ongoing state court divorce litigation in Illinois and the application of *Colorado River* and the domestic relations exception to jurisdiction. Steven's entire argument regarding § 1404(a) is therefore irrelevant and need not be addressed.

One point, however, must be made. Steven argues that Count I of his Complaint does not seek a declaration as whether Jeanette has "any marital property rights to LLC membership interests." [D.E. 21 at 5-6]. Steven describes Count I as follows: "The declaration is assuming the divorce court finds Jeanette has a marital property interest in an LLC membership interest what are Jeanettes [sic] rights to distributions from the LLC and what right does Jeanette have in the management of the LLCs?" [D.E. 21 at 6]. A plain reading of the Complaint, however, contradicts Steven's attempt to reframe his own pleading. Specifically, Count I seeks a declaration judgment regarding the following seven questions (emphasis added):

> A) does Jeanette or Palmi [sic] Grand Too LLC have a priority claim to any distribution that the LLCs make to Steven Ivankovich; **B) does Jeanette have a marital interest in any Steven Ivankovich's membership interests in the Plaintiffs**; and C) if Jeanette does have a marital interest in Stevens membership interests, what are the priorities of LLC distributions to Jeanette and Pami Grand Too LLC? ; **D) Is any membership interest that Steven has or previously owned in the LLCs marital property?**; E) if it is determined that Steven has a membership interest that is marital property, what are Jeanettes rights in the LLCs if any; F) is [sic] it is determined that Jeanette has a marital property right to any Steven membership interest what are the LLCs legal obligations to Jeanette?; G) what is the priority of Steven's obligation to Schiller, Pami Grand Too LLC, the citation LLC creditors?

[D.E. 1-1 at 14]. Thus, Steven seeks a declaratory judgment in this case as to whether Jeanette has

a marital interest in Steven's LLC membership interests, which is a threshold question that must be addressed before confronting any priority issues. Steven does not and cannot contest that the Illinois divorce court "is responsible for determining what property is or is not 'marital property.'" *Reinbold v. Thorpe (In re Thorpe)*, 546 B.R. 172, 177 (Bankr. C.D. Ill. 2016).

Furthermore, Steven fails to address a single case cited by Defendants showing that the Illinois divorce court can also resolve the priority issues raised in Count I. [D.E. 9 at 7-8]. Instead, Steven harps on the Illinois divorce court previously stating that it lacked jurisdiction over the LLCs, which was merely due to the fact that the LLCs have not been joined as parties in the divorce suit, an obstacle that applies equally here to deprive this Court of jurisdiction to make a declaratory judgment regarding the interests of non-party LLCs.[1]

By failing to actually address Defendants' dismissal arguments, Steven has effectively conceded that dismissal of Count I under Rule 12(b)(1) is appropriate. *See Smith v. Secretary, Dept. of Corrections*, 572 F.3d 1327, 1352 (11th Cir. 2009) (noting that a court is not obligated to consider an argument that is not "adequately presented unless it was raised in a way that the district court could not misunderstand it"); *see also Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a … motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant).

---

[1] Coincidentally, Jeanette recently filed a motion in the Illinois divorce case to join certain limited liability companies in which Steven has an interest, the interests of which are subject to the charging order entered against Steven.

### II. PLAINTIFF MISCONSTRUES THE FULL FAITH AND CREDIT CLAUSE OF THE U.S. CONSTITUTION, WHICH REQUIRES DISMISSAL OF COUNT II PURSUANT TO RULE 12(b)(6)

In response to Defendants' argument that the Full Faith and Credit Clause of the United States Constitution requires dismissal of Count II of the Complaint, Steven once again ignores the cases cited by Defendants, which hold that there is no "public policy exception" to the Full Faith and Credit Clause (*Baker v. GMC*, 522 U.S. 222, 225 (1998)) and that Florida is required to enforce a sister court's judgment even if enforcing the judgment violates Florida's constitution (*Ledoux-Nottingham v. Downs*, 210 So. 3d 1217, 1223 (Fla. 2017)).

Rather than address these cases, Steven relies on a case of his own: *Weiss v. Weiss*, 100 So. 3d 1220, 1222 (Fla. Dist. Ct. App. 2012). Steven claims that *Weiss* "involved a post judgment property order ordering incarceration for contempt by the husband for failure to pay the property settlement entered by a Cook County Illinois court and sought to be enforced in Florida." [D.E. 21 at 12]. This summation is *categorically false*.

In *Weiss*, two former spouses entered into an agreed order in a Cook County divorce case in which the former husband agreed to maintain certain insurance policies. 100 So. 3d at 1222-23. Upon a petition for rule to show case, the Cook County court entered an order finding the former husband in contempt and entering a final money judgment against him for roughly $80,000. *Id*. at 1223. The order also stated that the former wife "shall become" the owner of the life insurance policies by operation of law pursuant to the order and that if "any cooperation from Donald Weiss is necessary, he shall immediately comply or face possible incarceration." *Id*. The contempt order *did not* mandate the former husband's incarceration. *Id*.

The former wife then domesticated the contempt order in Florida. *Id*. In an enforcement proceeding brought by the former wife in Florida, the Florida trial court entered an order granting the former wife's "Motion for Order to Show Cause, Motion to Enforce Contempt Order, and

4

Motion to Enforce, for Judgment and Fees and Costs[.]" *Id*. at 1224. The order included an additional money judgment against the former husband and found him in contempt for failing to comply with the Illinois contempt order. *Id*. Once again, the order ***did not*** mandate the former husband's incarceration.

On appeal, the former husband argued, amongst other things, that pursuant to the Florida constitution, he could not be imprisoned for failing to pay off the Illinois contempt order. *Id*. at 1225. The majority opinion for the appellate court found his argument to be "premature," pointing out that, "no court, either in Florida or Illinois, has yet ordered incarceration to compel compliance with the contempt orders in this matter." *Id*. The appellate court concluded that "it is not for us to speculate about the remedies the trial court may employ if the Former Husband does not pay as ordered." *Id*.

Steven fails to mention any of this in his response brief. Instead, he quotes the concurring opinion without stating so. [D.E. 21 at 12]. The concurring opinion in *Weiss*, however, predates the Florida Supreme Court's ruling in *Ledoux-Nottingham*, which explicitly held that the Full Faith and Credit Clause compelled Florida's enforcement of a foreign state court order despite the fact that such enforcement would violate the Florida constitutional rights of the parties against whom enforcement was sought. *Ledoux-Nottingham*, 210 So. 3d at 1222 ("While the Florida Constitution does protect the right of parents to raise their children free from unwarranted governmental interference, that state right is subordinate to the directives of the Federal Constitution under the Supremacy Clause, and the United States Supreme Court has made it clear that there is no public policy exception to the full faith and credit due final judgments of a sister state."). Thus, the Florida Supreme Court ruled that Florida was required to enforce a Colorado order compelling the mother of two minor children to grant visitation rights to the children's grandparents, despite the

5

fact that the same Supreme Court had "previously held unconstitutional numerous Florida statutes providing for grandparent visitation as violative of Florida's right of privacy[.]" *Id*. at 1223.

The Florida Supreme Court's ruling in *Ledoux-Nottingham* is correct. Count II must be dismissed under the Full Faith and Credit Clause of the United States Constitution.[2]

WHEREFORE, Defendants, JEANETTE IVANKOVICH and SCHILLER DuCANTO & FLECK LLP, respectfully request that the Court dismiss Plaintiff's Complaint with prejudice and grant any other relief the Court deems just.

---

[2] In a footnote, Steven suggests that "joinder of the LLCs would defeat diversity jurisdiction," claiming that some of the LLCs are citizens of Illinois. [D.E. 21 at 3, n.1]. Aside from the fact that the LLCs are not parties to this action and therefore irrelevant to a diversity analysis, even assuming the LLCs had been joined—presumably as defendants—and assuming that some of the LLCs were domiciled in Illinois, that would not affect diversity jurisdiction since Steven is a Florida citizen and complete diversity would therefore remain. *See John v. Quality Loan Serv. Corp.*, No. 4:20-CV-05008-SAB, 2020 U.S. Dist. LEXIS 98567, at *5 (E.D. Wash. May 4, 2020) ("For purposes of diversity jurisdiction, 'complete diversity' means only that 'the citizenship of each plaintiff is diverse from the citizen of each defendant'; it is not necessary to show that defendants are diverse from each other.") (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

Respectfully submitted,

/s/ Alexandra L. Tifford
Alexandra L. Tifford
Fla. Bar No. 0178624
Email: atifford@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

and

/s/ Joseph R. Marconi
Joseph R. Marconi
*Admitted Pro Hac Vice*
Email: marconi@jbltd.com
Johnson & Bell
33 West Monroe Street, Ste. 2700
Chicago, IL 60603-5404

/s/Ramses Jalalpour
Ramses Jalalpour
*Admitted Pro Hac Vice*
Email: jalalpourr@jbltd.com
Johnson & Bell
33 West Monroe Street, Ste. 2700
Chicago, IL 60603-5404

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Alexandra L. Tifford
Alexandra L. Tifford

## SERVICE LIST

CASE NO. 23-cv-24894-FAM

| | |
|---|---|
| Allison Rub-Rodriguez<br>Email: allison@repinespa.com<br>Allison Rub-Rodriguez, P.A.<br>3301 Ponce de Leon Blvd., Suite 200<br>Coral Gables, FL 33134<br>*Counsel for Plaintiff* | Jason Wandner<br>Email: jason@wandnerlaw.com<br>Law Offices of Jason M. Wandner, P.A.<br>100 N. Biscayne Blvd., Ste. 1607<br>Miami, FL 33132<br>*Counsel for Plaintiff* |